## Roberts v. Pittsburgh Railways Co.

*James P. McArdle*, for plaintiff.

*Con F. McGregor*, for defendant.

DUFF, J., December 7, 1956.—This case is an action in trespass brought by the owner and operator of an automobile which was involved in a collision with a street car operated by defendant company at the intersection of Center Avenue and Fullerton Street, in the City of Pittsburgh, in which accident plaintiff sustained serious personal injuries and damages to his automobile. The case was tried before a jury and resulted in a verdict for the plaintiff in the sum of $10,000. The matter is before the court upon defendant's motion for judgment n. o. v. and for a new trial.

In considering the motion for judgment n. o. v., we follow the long established rule that the testimony must be regarded in the light most favorable to plaintiff, giving him the benefit of every reasonable inference of fact which may be deduced therefrom.

The testimony on the part of plaintiff shows that, about 2 a.m., on November 6, 1951, he was proceeding west in Center Avenue and, at some distance east of the scene of the accident, he was hailed by an acquaintance who requested plaintiff to drive her to Fifth Avenue in order to get a sandwich. He then proceeded, with his guest, west along Center Avenue, towards the intersection of said highway with Fullerton Street, at which intersection the accident occurred. At this point Center Avenue terminates, forming a T intersection. Fullerton Street runs in a north-south direction and continues past its intersection with Center Avenue, to Fifth Avenue.

Defendant maintains double street car tracks on Fullerton Street, the outbound set of which, wherein defendant's car was traveling, curves sharply to the left, then continues east on Center Avenue.

Plaintiff testified that, when he reached the intersection of Crawford Street and Center Avenue, east of the above mentioned intersection, he slowed his car to about 10 or 15 miles per hour and was traveling in the cartway between the inbound car tracks and the curb on the right. He saw the street car, stopped and took his foot off the gas and "gave it (his car) a little brake and the street car pulled right around me. I had my foot off the brake and (was) just steering." He offered in evidence four photographs of the scene of the accident, nos. 4 to 7, inclusive. On exhibit 4, he marked four positions in the following manner:

T—marking the spot where the street car was stopped short of the curve, at which time plaintiff had his left turn indicator on;

C—marking the place where Crawford crosses Center Avenue, east of the intersection;

B—marking the spot where he took his foot off his brake and decided the street car was not going to wait for him;

X—marking the spot where plaintiff testified the collision occurred between the street car and his automobile.

At the point marked B, he took his brakes off and never applied them again until after the collision; he thought the street car stopped. At that time, he testified, he could have stopped his car within five feet, but he felt that the street car was going to stand there and he proceeded to attempt to make a left-hand turn onto Fullerton Street. He testified that, when the automobile was at the point marked B, he first saw the street car start to move forward but he didn't think it was going to pull around as fast as it did, and he repeated he was at the point marked B when he took his foot off the brake and saw the street car start to move forward and that it was pulling out gradually and he didn't think it would go so fast.

The collision occurred about the middle of the curve. Plaintiff, while negotiating his turn to the left, saw that he could not cross ahead of the street car and endeavored to avoid the impact by turning his car to the right, without success, and with the result that the left front of the trolley car came into contact with the left front and side of plaintiff's car.

From this testimony, it appears that the trolley car was the first vehicle to enter the intersection and that it had stopped short of the curve, that plaintiff saw the car start to move into the curve and that, although he testified he could have stopped his vehicle within five feet, he made no effort to stop or check its speed.

The standard of care required of plaintiff in this situation is defined in the case of Goldfine & Brenner, Inc v. P.R.T., 119 Pa. Superior Ct. 581, 181 Atl. 514, as follows:

" 'The rules as to the superior right of the street cars to the use of the street and the duty imposed on pedestrians and drivers of vehicles about to cross the tracks have been frequently expressed. It is the imperative duty of the driver to look just before he brings his [vehicle] in the path of the moving car and if he fails in this particular and an accident results, his negligence will prevent a recovery'. . . . The operator of a vehicle about to cross a street railway track is not only required to look before entering the track, but he must have his car under such control that he can stop it if an emergency arises. Otherwise, the look is of no avail."

Plaintiff's testimony clearly shows that, while he saw the car approaching, he did not have his car under control and his failure in that respect, in our judgment, convicts him of contributory negligence as a matter of law.

Defendant's motion for judgment n. o. v. will accordingly be granted.

With this disposition of the case, it is necessary to pass upon defendant's motion for a new trial, which otherwise we would grant since we feel the verdict is against the weight of the evidence.

### Order

And now, to wit, December 7, 1956, after argument before the court en banc, defendant's motion for judgment n. o. v. is granted.

Eo die, exception noted to plaintiff and bill of exception sealed.

### Order

And now, to wit, December 7, 1956, defendant's motion for a new trial is refused.

Eo die, exception noted to defendant and bill of exception sealed.